UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

                                                               10-CR-460 (SJ)

  – against –

MARIYA GOMELSKAYA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MARIYA GOMELSKAYA,

                Petitioner,

  – against –                                   14-MC-1170 (SJ)

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
A P P E A R A N C E S

KELLY T. CURRIE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Michael Warren
*Attorneys for the Government*

MARIYA GOMELSKAYA, <u>Pro Se</u>
2955 West 29th Street
Apartment 161
Brooklyn, NY 11224

**JOHNSON, Senior District Judge:**

1

On May 24, 2011, Mariya Gomelskaya ("Gomelskaya") pled guilty to one count of health care fraud before this Court. She had a minor role in the offense and did not gain from the misstatements submitted to Medicare by the office that employed her as a part-time medical billing assistant. A Pre-Sentence Report ("PSR") was prepared in anticipation of sentencing. The PSR calculated a total offense level of 8 under the United States Sentencing Guidelines and a criminal history category of I. The corresponding guideline sentence was 0 to 6 months incarceration. On February 24, 2012, Gomelskaya was sentenced to one month imprisonment to be followed by 3 years supervised release. Her sentence is complete, her period of supervision ended without incident, and restitution has been fully paid. Pending before the Court is Gomelskaya's pro se motion to expunge the record of conviction, which the government opposes. Based on the submission of the parties, and for the reasons below, the motion is DENIED.

DISCUSSION

While the decision to expunge a defendant's criminal record is within the discretionary power of the District Court, "[t]he power to expunge is a narrow one . . . and should be reserved for the unusual or extreme case." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (citing United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). This Court must determine whether the required "extreme circumstances" exist by balancing the "equities between the right of

privacy of the individual and the right of law enforcement officials to perform their necessary duties." Schnitzer, 567 F.2d at 539. In this case, Petitioner failed to demonstrate extraordinary circumstances which could outweigh the government's interest in effective law enforcement.

Courts have routinely rejected motions to expunge "where the movant does not even challenge the legality or validity of the conviction for which expunction of records is sought." Holmes v. United States, No. 99 MC 106 (MDG), 2005 WL 1320149, at *2 (E.D.N.Y. Jun. 2, 2005) (citations omitted); see also United States v. Noonan, 906 F.2d 952, 957 (3d Cir. 1990) (despite presidential pardon, court refused to expunge records where defendant did not challenge conviction itself); United States v. Byrde, 914 F. Supp. 38, 40 (N.D.N.Y. 1996) (quoting United States v. Sherman, 782 F. Supp. 866, 870 (S.D.N.Y. 1991)) (declining to expunge records of convicted defendant who had "not challenged the circumstances or fact of that conviction.").

Here, Gomelskaya does not question the validity of the conviction itself but argues that she continues to fail background checks performed by potential employers and as a result is receiving unemployment compensation and food stamps; this despite earning a Bachelor of Arts degree, *magna cum laude*, in Psychology from Touro College since her release from custody. The Court recognizes Gomelskaya's scholarship and rehabilitation but unfortunately, a criminal record's adverse effects on a person's employment do not constitute

grounds for expungement.  See, e.g., Moss v. United States, No. 09 MC 495 (JFB), 2011 WL 1706548, at *3 (E.D.N.Y. May 4, 2011) (collecting cases and denying motion to expunge wire fraud conviction where teacher feared fingerprinting process would reveal her criminal record); see also United States v. Robinson, No. 04 CR 580 (VVP), 2007 WL 2077732, at *2 (E.D.N.Y. Jul. 18, 2007) ("[C]onsequences attendant to possessing a criminal record, such as loss of financial or employment opportunities, do not fall within the narrow bounds where expungement has been declared appropriate.").

While the Court is concerned that Gomelskaya remains on public assistance, she was also employed at Frank Patruno Law Offices while she attended college and left that job "because there was no potential for career growth." Therefore, the Court is hesitant to find that she is unemployable.  Moreover, in Gomelskaya's pre-sentence interview, she reported three bank accounts totaling $197,414.09 in assets.  Gomelskaya's mother, a home health care attendant and United States Permanent Resident, resides with her and provides financial assistance to her as well.  While the ideal goal is for Gomelskaya to be "able to participate as [a] productive member[] of society by working and paying taxes," she has not demonstrated a situation so extraordinary as to warrant expungement. Cf. Doe v. United States, No. 14 MC 1412 (JG), 2015 WL 2452613, (E.D.N.Y. May 21, 2015) (granting motion to expunge where 17 years elapsed since

conviction and the petitioner, a single mother of four, lost six jobs and was in dire financial straights, struggling even to make $25 monthly restitution payments).

The reality is that post-conviction employment issues present an ongoing challenge in our society. The Court will note that New York State Law prohibits denying employment unless there is a "direct relationship" to the offense of conviction. See N.Y. Exec. Law § 296(15); N.Y. Correct. Law §§ 750 to 753. Even then, the employer must consider: time elapsed since the offense, proof of rehabilitation or good conduct, age, and other factors. See N.Y. Correct. Law § 753; N.Y. Corrections Law, Article 23–A. In addition, the potential employee is entitled to a written statement of why employment was denied. See N.Y. Correct. Law § 754. Lastly, employers are required, under New York Law, to "give consideration to a certificate of relief from disabilities" since the "certificate shall create a presumption of rehabilitation." See N.Y. Correct. Law § 753(2). If, as Gomelskaya alleges, she has been denied employment opportunities in New York solely on the basis of her previous conviction, she is entitled to a written explanation of why employment was denied within thirty days, upon her request.

Going forward, Gomelskaya might demand a timely explanation for denial of employment in order to demonstrate that (a) her educational and employment history is more important than a four-year old conviction, or (b) the denial of employment solely on the basis of a prior conviction unrelated to the employment sought is contrary to New York State law. While medical billing and

Gomelskaya's chosen field of psychology are not entirely unrelated, the work she seeks is with disabled infants and toddlers and does not appear to have a direct relationship with the offense committed.

Despite the fact that her conviction and sentence were federal, Gomelskaya may seek a Certificate of Relief from Civil Disabilities in New York State Supreme Court, according to New York Law. See N.Y. Correct. Law 704; see also In re Helmsley, 152 Misc. 2d 215, 575 N.Y.S.2d 1009, 1012 (N.Y. Sup. Ct. 1991) (petitioner can seek certificate of relief from civil disabilities from federal conviction in New York State Supreme Court).

## CONCLUSION

For the foregoing reasons, the motion is denied. The Clerk of the Court is directed to close the case styled Gomelskaya v. United States, No. 14 MC 1170.

Dated: August 18, 2015                _____/s_____
    Brooklyn, NY                     Sterling Johnson, Jr., U.S.D.J.